Haynes, J.
In this case an action was brought by the Holcomb National Bank of Toledo against divers persons as stockholders of the Wheeling & Lake Erie Railway Company, defendants, for the purpose of enforcing a stockholders’ liability. Summons was issued and served upon sundry of these defendants, others were permitted to come in and file answers and cross-petitions; they were non-residents of the state, and if they were in the state when the suit was commenced, had escaped without being served. Sundry of the creditors came in and filed cross-petitions setting up generally the' same facts as the plaintiff, the number of stockholders and! *169 matters of that kind, and asked for the enforcement of the-stockholders’ liability. Finally, on a certain day in the term, the parties came and discontinued the suit — dismissed it as to the plaintiff and as to the cross-petitioners, as it was said, by consent of all these parties, the entry, dated April 21, 1898, being as follows: “By consent of the plaintiff and all cross-petitioners herein this cause is dismissed without prejudice at plaintiff’s cost. Ordered that no record be made. ”
Subsequently, on the 27th day of July in the same year, there came one, or perhaps more of the creditors, and filed a motion to set aside that entry, claiming that they had no knowledge that it had been made; that they were creditors and desired to have the suit prosecuted, and thereupon the court made an entry of that date as follows: “The court grants said motion and orders that the same be set aside and vacated, for the reason that said entry of April 21st, 1898, was inadvertantly entered by the court, in that it was entered without the knowledge of the nature of the case upon the part of the court at the time of making the same, and that said entry of dismissal without prejudice was prejudicial to the rights of said Horace M. Carpenter, as receiver, as well as the other creditors of said the Wheeling and Lake Erie Railway Company; and it is ordered that said cause be continued on the docket for further hearing.”’
Thereupon that defendant, and sundry and divers others were permitted to come in and file answers and cross-petitions. Subsequently he went out and was supposed to have been settled with, but some others still remained. At the time this entry of July 27, 1898, was made, sundry parties were present, and many others of the plaintiffs in error were present by their counsel, objecting to that entry, and that order showed that they were before the court.. The motion set up that the entry was made out of the ordinary time of making motions; that the rules of court required • that notice should be served and should be heard on a certain Monday, but that this was heard on a day in mid-week ■ — referring to the original entry.
It is said that these parties had no right to dismiss this action, and that the court had no right to dismiss it with their consent, but that the case was of such a nature that: it. *170 should have remained in court for its enforcement so long as there were any creditors who had claims that they were desirous of enforcing.
The case has been very earnestly argued, and we have been cited to quite a number of cases, and in our search we have found a good many more upon some of the general questions of the case. It is a case such as we generally term a close case, and the courts themselves are not agreed as to whether the action of the court of common pleas should be approved or disapproved. The contention is that in a case where a suit is prosecuted by one on behalf of many persons who are interested — persons who are so numerous that they can not be brought into the record — ■ that the one party is a trustee to the other parties, and is not obliged to prosecute that suit, but may at any time dismiss the case and go out of court. Now there are a large number of authorities in favor of that proposition; we have examined a great many.' But this action was originally not an action of that nature precisely. We have a section ■of the code which allows parties — as they didin the'practice in chancery, where there were numerous parties interested —nllows a party to bring suit on behalf of all, but this is not quite that case: this case is one where there is a statutory liability, and the rights of the parties depend upon the ■statute and the right of action given by the statute. This ■action is for the benefit of the creditors and in which all have an interest, and the fund which arises from the action goes to the joint and equal benefit of all the creditors according to their classes, and it appears'to a majority of this ■court that an action of that kind stands on a different footing from the class of cases that I have before mentioned. We think that is recognized by the supreme court of this ■state, It seems to us that if an action is commenced by one, the other creditors not only are to receive the benefit of that, but may receive the benefit without going into the case at all except to prove their claims at the proper time and file them before the proper officer appointed 'by the court. It has been held that an appeal by one is an appeal for the benefit of all, and that a petition in error filed by one is a petition for the benefit of all, and it seems to us that if one party should undertake to commence a separate *171 suit when a suit was already pending, that, upon motion, an order of abatement would be entered, or certainly it would be joined with the other suit, and one suit should serve the purposes for which a suit was brought for the benefit of all, and no other party ought to be allowed to make costs and expenses by commencing and prosecuting a separate suit. That being the case, it seems to a majority of the court that so long as this case had never been prosecuted to final judgment, and the liability of these parties had never been ascertained and no steps had been taken to ascertain who all the creditors were and have them bring in their claims, that that suit is still pending for the -benefit of all creditors, and that if it had been inadvisedly dismissed by the court and stricken off the docket, that any creditor coming in and making a proper showing might have the cause reinstated and prosecuted to final judgment.
It might happen if there were no power now to reinstate, that the suit might be dismissed after the statute of limitations commenced to run, and that creditors would be barred from commencing new suits. The filing of cross-petitions by every creditor is unnecessary in. order to protect the ordinary rights of parties and should be discouraged as tending to increase costs; but if the court should hold there is no power to reinstate in a case like that at bar, it would behoove every creditor to file a cross-petition in order to keep himself in court.
There are, of course, some objections to it. One of the most forcible, to me, is, that many of the parties to the suit might not be here; they could be notified and might not have attorneys in court.
So far as this case is concerned, the only parties complaining here were present at the time the order was made and excepting to it, so that they had notice of its pendency. The decision of the supreme court of this state in regard to the right of the court over its judgments, within the term, has been brought before that court in more than one case, and, as the majority of this court understand it, that court holds that a court during the term have full power over their entries that have been made in cases,and may set them aside. We have held in a case before this court that they -ought not to be permitted to do that, without their own *172 motion, simply wilfully and without reasonable cause, and we held in the case of Chesboro v. The Smead Co., that an answer should be filed setting up a defense, before they asked for a judgment to be set aside; but T have seen a decision of the supreme court that that was not necessary where the motion was made during the term, although it would be necessary where the motion was made after the term.
Upon very careful consideration of the case the majority of the court are led to the conclusion that the judgment in this case should be affirmed and that the action of the court was proper, and it is therefore so ordered.